IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:13-CR-8-JRG-RSP |
| | § | |
| JAMES CURTIS THOMPSON | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On September 24, 2014, the undersigned held a final hearing on the Government's petition (#2) to revoke supervised release. The Government was represented by Assistant United States Attorney Jim Noble. The Defendant, James Curtis Thompson, was represented by Ken Hawk.

James Curtis Thompson was sentenced on June 11, 2009, before The Honorable William P. Johnson of the District of New Mexico after pleading guilty to the offense of tampering with a witness, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. The court accepted a binding plea agreement for departure and downwardly departed from the guideline range. James Curtis Thompson was subsequently sentenced to 18 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare; search and seizure; refrain from the use and possession of alcohol and other forms of intoxicants, and not frequent places where alcohol is the primary item for sale; shall have no contact with co-defendants or co-conspirators in this case; and a $100 special assessment. On April 26, 2013, James Curtis Thompson completed his period of imprisonment

and began service of the supervision term. On June 7, 2013, jurisdiction of this case was transferred to the Eastern District of Texas.

On September 16, 2014, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>: The Defendant shall not leave the judicial district without permission of the Court or probation officer. Specifically, the Government alleges as follows: As evidenced by his contact with Mesquite Police on August 22, 2014, and by his own admission, Mr. Thompson traveled to Mesquite and Rowlett without permission from the probation officer. Mesquite and Rowlett are located in the Northern District of Texas.

2) <u>Special:</u> The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office. Specifically, the Government alleges as follows: On September 15, 2014, Mr. Thompson reported to the drug testing center to submit a urine specimen. As Mr. Thompson was preparing to submit his specimen, the collector noticed a device that could be used to adulterate the specimen. Mr. Thompson was instructed by the collector to lower his pants and lift his shirt to reveal the device, to which he refused. Mr. Thompson then left the collection center without submitting a urine specimen, and as such, failed to participate in substance abuse testing.

The Court scheduled a revocation hearing for September 24, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the

allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 14 months beginning September 19, 2014 and 22 months supervised release to follow such term of imprisonment with the same conditions previously imposed. The first six months of supervised release will be served in a community living facility. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program. Under the guidance of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The Court recommended service of sentence at FCI Texarkana. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 14 months beginning September 19, 2014 and 22 months supervised release to follow such term of imprisonment with the same conditions previously imposed. The first six months of supervised release will be served in a community living

facility.

At the close of the September 24, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 25th day of September, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE